UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TODD A. FISHER                                                                                      PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:11-CV-00592

RICHARD L. MAY, *et al.*                                                                         DEFENDANTS

### OPINION AND ORDER

This matter is before the court on plaintiff Todd A. Fisher's motion to remand this action to Jefferson County, Kentucky, Circuit Court, and for an award of attorney's fees and costs (DN 6). For the reasons stated herein, Fisher's motion will be denied.

This dispute arises out of an April 14, 2010, motor vehicle crash between Fisher and defendant Richard L. May in Jefferson County, Kentucky. On or about September 21, 2011, Fisher filed a complaint in Jefferson Circuit Court against May and Founders Insurance Company. As to May, a resident of Indiana, Fisher brought a claim for negligence. As to Founders, Fisher alleged that it was a foreign corporation authorized to do business in Kentucky, and that it had issued an insurance policy to May under which Fisher was entitled to compensation for the injuries he suffered in the accident. Fisher alleged that Founders engaged in bad-faith negotiations with him in violation of the Kentucky Unfair Claims Settlement Practices Act (UCSPA). Fisher sought compensatory damages from the defendants for past and future medical expenses, past and future wage loss, impairment of the ability to work and earn money, loss of enjoyment of life, and past and future pain and suffering. He also sought punitive damages from Founders and any other damages to which he might be entitled, as well as

attorney's fees, costs, and interest. However, as is required under Kentucky law, Fisher did not specify the exact amount of damages he sought. KY. R. CIV. P. 8.01(2). Rather, he stated only that the claims were "in excess of the minimum jurisdictional requirements of the Jefferson Circuit Court." *Id.* On or about October 14, 2011, Founders filed an answer in Jefferson Circuit Court.

Then, on October 21, 2011, Founders removed the case to this court based on this court's diversity jurisdiction. Founders noted that there was complete diversity of citizenship between Fisher and the two defendants, May and Founders. Founders also asserted that the matter in controversy exceeded $75,000, exclusive of interest and costs. Fisher has now moved to remand the case to Jefferson Circuit Court on the basis that Founders could not establish that the amount in controversy was more than $75,000. Fisher also seeks attorney's fees and costs relating to the allegedly improper removal.[1]

Federal courts have original jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. A civil case brought in state court may be removed by a defendant to federal court if the case could have been brought in federal court originally. 28 U.S.C. § 1441(a). It is the burden of the defendant seeking to remove the case to prove the requirements for diversity jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). In cases, such as this one, where a plaintiff seeks an unspecified amount of damages, the defendant must prove that the amount in controversy "more likely than not" exceeds $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir.

---

[1] After Founders responded to Fisher's motion to remand and Fisher filed reply papers, Fisher settled his claim against May and that claim was dismissed with prejudice.

1993)). A court must examine whether the amount in controversy requirement for diversity jurisdiction was met as of the time of removal. *Rogers*, 230 F.3d at 871-872.

Here, Fisher does not argue that the amount in controversy at the time of removal did not actually exceed $75,000. Instead, Fisher contends that Founders' decision to remove the case to federal court was premature because Founders could not yet meet its burden of showing that the amount in controversy in the case would exceed $75,000.

However, absent any stipulation from Fisher setting forth information to show that the amount in controversy at the time of removal did not exceed $75,000, this court finds that the amount in controversy requirement for diversity jurisdiction was met. In his complaint, Fisher described his injuries arising from the motor vehicle accident as "serious." Fisher accordingly sought damages from May and Founders arising from the accident for past and future medical expenses, past and future wage loss, impairment of his ability to work and earn money, loss of enjoyment of life, and past and future pain and suffering. While Fisher did not place a monetary value on any of those items in his complaint, Founders provided this court with a letter dated approximately one year before the complaint was filed, in which Fisher's attorney stated that Fisher had already totaled $15,923 in medical bills as a result of the accident.

Having already incurred nearly $16,000 in medical bills for self-described serious injuries, it is more likely than not that the remainder of the damages sought by Fisher pushed the amount in controversy over $75,000. For instance, it is perfectly reasonable to apply a ratio of 5 to 1 for awards of pain and suffering in comparison to medical expenses to determine the amount in controversy. Indeed, Kentucky courts have upheld pain and suffering verdicts with even higher ratios between awards for pain and suffering and for medical expenses. *See generally*

*Barrett v. Mulligan*, 2010 WL 1404440, at *2 (Ky. Ct. App. 2010) (upholding award of 30 times medical expenses for pain and suffering); *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 571, 579-580 (Ky. 2009) (finding award of $225,000 for pain and suffering was not excessive even though plaintiff was awarded just $8,666.05 in medical expenses ); *Thompson v. Sherwin Williams Co., Inc.*, 113 S.W.3d 140 (Ky. 2003) (noting jury's award of $87,000 in pain and suffering for medical expenses of $9,776.71). Here, using a 5 to 1 ratio, the amount in controversy for pain and suffering alone is $79,615, and, when the medical expenses are added in, amounts to $95,538. Of course, that is using the medical expenses as they existed in October 2010; if anything, those have gone up since then. In addition, that is exclusive of any damages for lost wages and impairment of Fisher's ability to work. In short, absent any stipulation from Fisher to the contrary, at the time of removal the amount of damages in controversy from Fisher's personal injury claim–damages that Fisher claims Founders is at least partly responsible for paying–more likely than not exceeded $75,000. Thus, this court would have had original jurisdiction over Fisher's action against May and Founders, and Founders' removal was therefore proper.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Fisher's motion to remand this action to Jefferson County, Kentucky, Circuit Court, and for an award of attorney's fees and costs is **DENIED**.

May 30, 2012

Charles R. Simpson III, Judge
**United States District Court**

D03